IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARY JANE NEWCOMB, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 3:25-CV-0361-D |
| | § | |
| TRANS UNION LLC, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

In this action, plaintiff Mary Newcomb ("Newcomb") sues defendant Trans Union ("Trans Union"), seeking relief under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.* Trans Union moves under Fed. R. Civ. P. 12(c) for judgment on the pleadings. For the reasons that follow, the court grants Trans Union's motion and also grants Newcomb leave to replead.

I

Newcomb secured a mortgage on her property, and Nationstar Mortgage LLC ("Nationstar") later acquired her mortgage loan.[1] On June 22, 2018 Newcomb filed for Chapter 13 bankruptcy. On October 24, 2023 she was discharged from Chapter 13

---

[1] The court recounts the background facts favorably to Newcomb as the nonmovant. In deciding a Rule 12(c) motion—as in deciding a Rule 12(b)(6) motion—"[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks omitted) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (addressing Rule 12(b)(6) standard)).

bankruptcy. The Nationstar mortgage was excepted from discharge.[2] In November 2023 her Chapter 13 bankruptcy was terminated. According to her complaint, she made "timely and regular" mortgage payments throughout her Chapter 13 bankruptcy. Compl. (ECF No. 1) ¶¶ 17-18.

In July 2024 Newcomb obtained her credit report. Trans Union is a credit reporting agency ("CRA") that provides information that is reflected on her credit report. According to Newcomb's complaint, Trans Union incorrectly reported her Nationstar mortgage account "as closed, with a $0 dollar balance, a derogatory account rating and bankruptcy remarks." *Id.* at ¶ 20. Newcomb asserts that this reporting was inaccurate because she had "complied with the terms of the chapter 13 bankruptcy plan, was successfully discharged—excepted the secured Nationstar mortgage debt from being discharged, therefore, any remarks and/or references to and/or suppression information related to Plaintiff's chapter 13 bankruptcy should have been removed." *Id.*

Newcomb sent a dispute letter to Trans Union, asserting that her Nationstar account had been incorrectly reported and that references to her Chapter 13 bankruptcy should have been removed. On August 16, 2024 Trans Union responded to Newcomb, informing her that it had removed the Nationstar tradeline from her credit report. Following the dispute, Newcomb obtained an updated copy of her credit report and noticed that her Nationstar tradeline had been deleted. Newcomb alleges that Trans Union's response "failed to remedy

---

[2]Excepted from discharge means that the bankruptcy did not extinguish the mortgage.

the inaccuracies within the Nationstar tradeline." *Id*. at ¶ 26.[3]

Newcomb later filed this lawsuit, alleging that Trans Union's actions violated § 1681e(b) and § 1681i of the FCRA. Trans Union moves under Rule 12(c) for judgment on the pleadings. Newcomb opposes the motion, which the court is deciding on the briefs, without oral argument.[4]

II

Rule 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Rule 12(c). The standard for deciding a motion under Rule 12(c) is the same as the one for deciding a motion to dismiss under Rule 12(b)(6). *See Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 n.8 (5th Cir.2002).[5] Because the standard is the same, the court will rely on Rule 12(b)(6) decisions as well as Rule 12(c) rulings when discussing the applicable standard

---

[3]In her response, Newcomb alleges facts that she did not include in her complaint. For example, she alleges that she sent a dispute letter to a different CRA that made the same error as Trans Union, and, in response to her dispute letter, that agency contacted Nationstar to investigate the reporting of Newcomb's mortgage account. "When ruling on a motion to dismiss, the court does not consider additional facts that are alleged in a response brief but not the complaint." *Purdin v. Wells Fargo Bank, N.A.*, 2016 WL 1161808, at *3 (N.D. Tex. Mar. 23, 2016) (Fitzwater, J.) (citing *Leal v. McHugh*, 731 F.3d 405, 407 n.2 (5th Cir. 2013)). Accordingly, the court declines to consider the additional facts that Newcomb alleges in her response but that are not alleged in her complaint. *See id.*

[4]On October 10, 2025 the court granted a joint motion to stay pending the resolution of Trans Union's Rule 12(c) motion.

[5]*See Great Plains Tr. Co.*, 313 F.3d at 313 n.8 ("A number of courts have held that the standard to be applied in a Rule 12(c) motion is identical to that used in a Rule 12(b)(6) motion." (citation omitted) (internal quotation marks omitted)).

and procedure.

"In deciding a Rule 12(b)(6) motion to dismiss, the court evaluates the sufficiency of [plaintiff's complaint] by 'accept[ing] all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Bramlett v. Med. Protective Co. of Fort Wayne, Ind.*, 855 F.Supp.2d 615, 618 (N.D. Tex. 2012) (Fitzwater, C.J.) (second alteration in original) (internal quotation marks omitted) (quoting *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]"). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (alteration omitted) (quoting Rule 8(a)(2)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678.

III

To prevail on a claim under either § 1681e(b) or § 1681i, the plaintiff "must prove that [her] consumer reports included inaccurate information." *McDonald v. Equifax Inc.*, 2017 WL 879224, at *6 (N.D. Tex. Mar. 6, 2017) (Boyle, J.) (quoting *Norman v. Experian Info. Sols., Inc.*, 2013 WL 1774625, at *4 (N.D. Tex. Apr. 25, 2013) (Boyle, J.)). "[T]he omission of a single credit item does not render a report inaccurate[.]" *Hammer v. Equifax Info. Servs., L.L.C.*, 974 F.3d 564, 568 (5th Cir. 2020) (internal quotation marks omitted); *see also Coyle v. Experian Info. Sols., Inc.*, 2020 WL 3052228, at *2 (N.D. Tex. June 7, 2020) (Lynn, C.J.) ("[A]n omission of a particular obligation from a credit report is not an FCRA violation."). At the Rule 12(c) stage, Newcomb must plausibly plead a claim under either § 1681e(b) or § 1681i.

Newcomb alleges two inaccuracies in her credit reports. First, she asserts that the pre-dispute report inaccurately reported the Nationstar mortgage and referenced her Chapter 13 bankruptcy. Second, she alleges that the post-dispute report improperly removed the Nationstar mortgage from her account. With respect to the second alleged inaccuracy, Trans Union contends that omitting the Nationstar mortgage cannot make the post-dispute report inaccurate as a matter of law. Newcomb responds that Trans Union deleted the mortgage from her report and that deleting the mortgage is not the same as omitting it.[6]

---

[6]Trans Union also maintains that Newcomb's claims under § 1681e(b) and § 1681i fail because they present a legal dispute regarding the ramifications of her bankruptcy rather than a factual inaccuracy. *See Estrada v. Experian Info. Sols., Inc.*, 670 F.Supp.3d 412, 419 (W.D. Tex. 2023) ("Federal courts overwhelmingly agree that the FCRA only requires CRAs

The court concludes that Newcomb has not plausibly pleaded a violation of the FCRA based on Trans Union's removal of the Nationstar mortgage from her account. The distinction Newcomb attempts to draw between omitting and deleting finds minimal support. While a judge in this court has concluded that "the deletion of certain positive information may violate [the FCRA]," the facts in that case involved the deletion of 92 accounts. *Hart v. Equifax Info. Servs., LLC*, 2020 WL 1434540, at *3 (N.D. Tex. Mar. 23, 2020) (McBryde, J.). Newcomb's case more closely resembles *Warner v. Equifax Info. Servs. LLC*, where the defendant's deletion of a single mortgage from the plaintiff's account qualified as an omission that could not form the basis of an FCRA violation. *Warner v. Equifax Info. Servs. LLC*, 2025 WL 714243, at *5 (N.D. Tex. Feb. 11, 2025) (McKay, J.), *rec. adopted*, 2025 WL 714165 (N.D. Tex. Mar. 5, 2025) (Brown, J.). Accordingly, Trans Union's omission of the Nationstar mortgage does not render the post-dispute credit report inaccurate under the FCRA. *See id.*

Because Newcomb has failed to plausibly plead that the omission of the Nationstar mortgage is an inaccuracy, the inaccuracy element of Newcomb's claims under § 1681e(b) and § 1681i must be satisfied by the pre-dispute report that inaccurately reported the Nationstar mortgage and referenced her Chapter 13 bankruptcy.

---

to investigate factual inaccuracies; they need not resolve legal disputes[.]"). The court declines to decide whether the alleged inaccuracies present legal or factual inaccuracies. Even assuming that Newcomb pleaded a factual inaccuracy, her FCRA claims do not state a plausible claim for relief.

IV

The court first considers Newcomb's claim under § 1681e(b) of the FCRA. "Section 1681e(b) of the FCRA provides that '[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.'" *Warner*, 2025 WL 714243, at *6 (quoting 15 U.S.C. § 1681e(b)) (alteration in original). This provision, however, "does not hold a CRA strictly liable for all inaccuracies." *Hammer*, 974 F.3d at 568. The plaintiff must "set forth allegations sufficient to support an inference that [the] inaccuracy was due to [defendant's] failure to follow reasonable procedures." *Green v. Innovis Data Sols., Inc.*, 2021 WL 4244779, at *4 (N.D. Tex. Sept. 17, 2021) (Lindsay, J.). Moreover, the inaccuracy in the plaintiff's credit report must have "resulted from negligent or willful failure to use reasonable procedures when the report originally was prepared, not upon reinvestigation." *Waggoner v. Trans Union, LLC*, 2003 WL 22220668, at *6 (N.D. Tex. July 17, 2003) (Fish, C.J.) (citing *Sepulvado v. CSC Credit Servs., Inc.*, 158 F.3d 890, 896 (5th Cir.1998)).

Trans Union contends that Newcomb's allegations are "the same or similar to" precedent where the plaintiff failed to plead a plausible claim for relief under § 1681e(b). D. Br. (ECF No. 21) 5. Newcomb responds that she has alleged sufficient facts to state a plausible claim and that the precedent Trans Union relies on is inapposite.

The court concludes that Newcomb has not pleaded a plausible claim for relief under § 1681e(b). Newcomb's allegations are nearly identical to the plaintiff's allegations in

*Warner*. In *Warner* the plaintiff failed to state a claim under § 1681e(b) because she alleged "conclusory statements" that the defendant failed to "establish or follow reasonable procedures to assure maximum possible accuracy" and that the defendant "knew or should have known [plaintiff's] account status in relation to her bankruptcy was inaccurate." *Warner*, 2025 WL 714243, at *6 (internal quotation marks omitted). Here, Newcomb relies similarly on conclusory allegations that Trans Union failed to "establish or follow reasonable procedures to assure maximum possible accuracy" and that "Trans Union knew or should have known Plaintiff's account status in relation to her bankruptcy was inaccurate." Compl. (ECF No. 1) ¶¶ 33, 37. Without more, these conclusory allegations do not enable the court to draw the reasonable inference that the inaccuracy in the pre-dispute report was due to Trans Union's failure to follow reasonable procedures. *See Warner*, 2025 WL 714243, at *6; *see also Green*, 2021 WL 4244779, at *4 (dismissing § 1681e(b) claim where plaintiff alleged that defendant "knew or should have known" and that "Plaintiff's account status and payment history were inaccurate"); *Iqbal*, 556 U.S. at 678 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" (alteration in original) (citations omitted)). Accordingly, the court enters judgment on the pleadings dismissing this claim.

V

The court now turns to Newcomb's claim under § 1681i of the FCRA. "Section 1681i requires a CRA to 'conduct a reasonable reinvestigation' if 'the completeness or accuracy

of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer[.]'"  *Warner*, 2025 WL 714243, at *3 (quoting 15 U.S.C. § 1681i(a)(1)(A)) (alteration in original).  Newcomb sent Trans Union a letter disputing information regarding her Nationstar mortgage.  But Newcomb must still "set forth sufficient facts to support [her] allegation that Defendant failed to reinvestigate the dispute free of charge and either update the status of the dispute or delete the disputed information from the credit report in accordance with § 1681i(a)(5)." *Green*, 2021 WL 4244779, at *5.  Newcomb contends that she has alleged sufficient facts that Trans Union failed to conduct a reasonable investigation and that her case is factually dissimilar to the precedent on which Trans Union relies.

       The court concludes that Newcomb has not pleaded a plausible claim for relief under § 1681i.  In *Warner* and *Green* the plaintiffs failed to plead a plausible claim for relief under § 1681i.  In *Warner* the plaintiff alleged that the defendant "chose to verify false information," "inappropriately deleted" the plaintiff's mortgage from her credit report, and "did not evaluate or consider any of [defendant's] information, claims or evidence." *Warner*, 2025 WL 714243, at *7 (internal quotation marks omitted).  Likewise, in *Green* the plaintiff alleged that the defendant verified "false information regarding his Nationstar account," "deleted the entire tradeline," and failed to "adequately evaluate or consider his dispute." *Green*, 2021 WL 4244779, at *5 (internal quotation marks omitted).  Here, Newcomb alleges that Trans Union "chose to verify false information," "inappropriately deleted Plaintiff's Nationstar account," and "did not evaluate or consider any of Plaintiff's information, claims,

or evidence." Compl. (ECF No. 1) ¶¶ 28-29 (internal quotation marks omitted).[7] Because Newcomb's allegations mirror the ones deemed insufficient in *Warner* and *Green*, the court grants Trans Union's motion to dismiss Newcomb's claim under § 1681i.

VI

"Because the court's usual practice when granting a motion to dismiss is to permit a plaintiff at least one opportunity to replead, the court will give [Newcomb] an opportunity to amend [her] complaint." *Shah v. Univ. of Tex. Sw. Med. Sch.*, 54 F.Supp.3d 681, 707 (N.D. Tex. 2014) (Fitzwater, C.J.) (citing *In re Am. Airlines, Inc., Priv. Litig.*, 370 F.Supp.2d 552, 567-68 (N.D. Tex. 2005) (Fitzwater, J.)). She must file her amended complaint no later than 28 days after the date this memorandum opinion and order is filed.

---

[7]Newcomb also alleges "[in] the alternative," that "Trans Union failed to contact Nationstar, therefore, failed to perform any investigation at all." Compl. (ECF No. 1) ¶ 30. Assuming that the assertion that "Trans Union failed to contact Nationstar" is a well-pleaded factual allegation, it does not permit the court to draw the reasonable inference that Trans Union failed to perform any investigation at all. *Id.* Newcomb's other factual allegations tend to contradict this inference. *See Green*, 2021 WL 4244779, at *5 (dismissing § 1681i claim where plaintiff's allegations were conclusory and contradictory). For example, she alleges that Trans Union "chose to 'verify' false information from an unreliable source." Compl. (ECF No. 1) ¶ 28. This allegation suggests that Trans Union did engage in an investigation.

\* \* \*

For the reasons explained, the court grants Trans Union's motion to dismiss and grants Newcomb leave to replead.

**SO ORDERED**.

October 28, 2025.

 

_____
SIDNEY A. FITZWATER
SENIOR JUDGE