IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

MARY JANE NEWCOMB,                        §
                                          §
            Plaintiff,                    §
                                          §
VS.                                       §       Civil Action No. 3:25-CV-0361-D
                                          §
TRANS UNION LLC,                          §
                                          §
            Defendant.                    §

MEMORANDUM OPINION
AND ORDER

The court returns to this action in which plaintiff Mary Jane Newcomb ("Newcomb")

sues defendant Trans Union ("Trans Union"), seeking relief under the Fair Credit Reporting

Act ("FCRA"), 15 U.S.C. § 1681 *et seq*. Trans Union moves under Fed. R. Civ. P. 12(b)(6)

for failure to state a claim on which relief can be granted. For the reasons that follow, the

court grants Trans Union's motion to dismiss and also grants Newcomb leave to replead.

I

The relevant background facts of this case are largely set out in a prior memorandum

opinion and order and need not be repeated at length for the purpose of deciding Trans

Union's pending motion. *Newcomb v. Trans Union LLC (Newcomb I)*, 2025 WL 3013786,

at *1-2 (N.D. Tex. Oct. 28, 2025) (Fitzwater, J.). After the court dismissed Newcomb's

claims and granted her leave to replead, *id.* at *5, she filed an amended complaint. Newcomb

alleges that Trans Union's actions violated § 1681e(b) and § 1681i of the FCRA. Trans

Union now moves to dismiss under Rule 12(b)(6) for failure to state a claim on which relief

can be granted.  Newcomb opposes the motion, which the court is deciding on the briefs, without oral argument.

II

"In deciding a Rule 12(b)(6) motion to dismiss, the court evaluates the sufficiency of [plaintiff's] amended complaint by 'accept[ing] all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Bramlett v. Med. Protective Co. of Fort Wayne, Ind.*, 855 F.Supp.2d 615, 618 (N.D. Tex. 2012) (Fitzwater, C.J.) (second alteration in original) (internal quotation marks omitted) (quoting *In re Katrina Canal Breaches Litig.*, 495 F.3d at 205).  To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]").  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'"  *Iqbal*, 556 U.S. at 679 (alteration omitted) (quoting Rule 8(a)(2)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.* at 678.

-2-

III

A

To prevail on a claim under either § 1681e(b) or § 1681i, the plaintiff must plausibly allege "that [her] consumer reports included inaccurate information." *McDonald v. Equifax Inc.*, 2017 WL 879224, at *6 (N.D. Tex. Mar. 6, 2017) (Boyle, J.) (quoting *Norman v. Experian Info. Sols., Inc.*, 2013 WL 1774625, at *4 (N.D. Tex. Apr. 25, 2013) (Boyle, J.)). Newcomb alleges two inaccuracies in her credit reports. First, she asserts that the pre-dispute report inaccurately reported the Nationstar mortgage and referenced her Chapter 13 bankruptcy. Second, she alleges that the post-dispute report improperly removed the Nationstar mortgage from her account.

B

The court begins by addressing the alleged inaccuracy contained in the pre-dispute report. "Although the Fifth Circuit has not expressly addressed whether [credit reporting agencies ("CRAs")] need to investigate legal disputes, other federal courts 'overwhelmingly agree that the FCRA only requires CRAs to investigate factual inaccuracies; they need not resolve legal disputes over an underlying debt.'" *Warner v. Equifax Info. Servs. LLC*, 2025 WL 714243, at *3 (N.D. Tex. Feb. 11, 2025) (McKay, J.) (quoting *Estrada v. Experian Info. Sols., Inc.*, 670 F.Supp.3d 412, 419 (W.D. Tex. 2023) (collecting cases)), *rec. adopted*, 2025 WL 714165 (N.D. Tex. Mar. 5, 2025) (Brown, J.). Trans Union maintains that its reporting of the Nationstar mortgage presents a legal dispute regarding the ramifications of Newcomb's bankruptcy. Newcomb responds that she has pleaded a factual inaccuracy.

The court concludes that Trans Union's reporting of the Nationstar Mortgage in the pre-dispute report presents a legal dispute. The bankruptcy discharge order itself notes that not all debts are covered by the discharge and it encourages individuals to consult an attorney to determine the exact effect of the discharge "[b]ecause the law is complicated." Am. Compl. (ECF No. 34-2) 1-2. Moreover, Newcomb's reliance on *Davis v. Experian Info. Sols, Inc.* is unavailing. The *Davis* panel's holding did not turn on whether the alleged inaccuracy was factual or legal. *See Davis v. Experian Info. Sols., Inc.*, 849 Fed. Appx. 690, 691-92 (9th Cir. 2021) (per curiam).[1] Instead, this case more closely resembles *Warner*. In *Warner* the plaintiff was discharged from bankruptcy, but her mortgage was excepted from the discharge. *Warner*, 2025 WL 714243, at *1. Although the defendant did not correctly report the post-bankruptcy status of the plaintiff's mortgage, the court concluded that "the status of her mortgage vis-à-vis bankruptcy proceedings presents a dispute over the legal ramifications of her bankruptcy, not a factual inaccuracy." *Id.* at *1, *4. Here, Newcomb alleges that Trans Union did not accurately report the excepted status of her mortgage following her bankruptcy discharge. Because the alleged inaccuracy in the pre-dispute report mirrors the one deemed insufficient in *Warner*, the pre-dispute report was not inaccurate under the FCRA. *See id.*[2]

---

[1]In fact, the panel explicitly noted that the district court had not determined whether the defendant's reporting of the mortgage was accurate. *Davis*, 849 Fed. Appx. at 691 n.2.

[2]Newcomb also suggests that, because Trans Union could have contacted Nationstar (the furnisher of the credit information), the alleged inaccuracy is factual in nature. She does not adequately explain, however, how Trans Union's ability to contact Nationstar turns this

C

The court now turns to the removal of the Nationstar mortgage from Newcomb's account. "[T]he omission of a single credit item does not render a report inaccurate or misleading." *Hammer v. Equifax Info. Servs., L.L.C.*, 974 F.3d 564, 568 (5th Cir. 2020) (internal quotation marks omitted); *see also Coyle v. Experian Info. Sols., Inc.*, 2020 WL 3052228, at *2 (N.D. Tex. June 7, 2020) (Lynn, C.J.) ("[A]n omission of a particular obligation from a credit report is not an FCRA violation."). Trans Union contends that omitting the Nationstar mortgage cannot make the post-dispute report inaccurate as a matter of law. Newcomb responds that Trans Union deleted the mortgage from her report and that deleting the mortgage is not the same as omitting it.

In *Newcomb I* the court concluded that Newcomb had not plausibly pleaded a violation of the FCRA based on Trans Union's removal of the Nationstar mortgage from her account. *Newcomb I*, 2025 WL 3013786, at *3. In reaching that conclusion, the court relied on *Warner*, where the defendant's deletion of a single mortgage from the plaintiff's account qualified as an omission that could not form the basis of an FCRA violation. *Id.* (citing *Warner*, 2025 WL 714243, at *5). The court reaches the same conclusion here. Newcomb does not make new factual allegations that would enable the court to draw the reasonable inference that the removal of the mortgage from her account constitutes an inaccuracy. Nor does she attempt to distinguish *Newcomb I* or *Warner* from her factual allegations on this

_____

into a factual dispute, especially given that Nationstar allegedly was incorrectly reporting the post-bankruptcy status of the mortgage when the pre-dispute report was issued.

issue. Accordingly, Trans Union's omission of the Nationstar mortgage does not render the post-dispute credit report inaccurate under the FCRA. *See id.*

Because Newcomb has not plausibly pleaded that her credit reports contained inaccurate information, her claims under § 1681e(b) and § 1681i fail, and the court grants Trans Union's motion to dismiss. *See Warner*, 2025 WL 714243, at *3-5.

IV

Although the court is dismissing Newcomb's claims and has already afforded her an opportunity to replead, it will grant her leave to amend. The court's decision today evaluates for the first time whether the alleged inaccuracy in her pre-dispute report presents a legal dispute. Allowing Newcomb to file a second amended complaint is not unreasonable under these circumstances. *See, e.g.*, *Reneker v. Offill*, 2010 WL 1541350, at *2, *7 (N.D. Tex. Apr. 19, 2010) (Fitzwater, C.J.) (concluding, after twice granting motions to dismiss, that plaintiff's second amended complaint stated claim on which relief could be granted). Accordingly, she must file her second amended complaint no later than 21 days after the date this memorandum opinion and order is filed.

\*     \*     \*

For the reasons explained, the court grants Trans Union's motion to dismiss and grants Newcomb leave to replead.

**SO ORDERED**.

March 27, 2026.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE