IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARY JANE NEWCOMB, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 3:25-CV-0361-D |
| | § | |
| TRANS UNION LLC, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

The court returns to this action in which plaintiff Mary Jane Newcomb ("Newcomb") sues defendant Trans Union ("Trans Union"), seeking relief under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*. Trans Union moves under Fed. R. Civ. P. 12(c) for judgment on the pleadings. For the reasons that follow, the court grants Trans Union's motion and enters judgment dismissing this suit.[1]

I

The relevant background facts of this case are largely set out in a prior memorandum opinion and order, *see Newcomb v. Trans Union LLC*, 2025 WL 3013786, at *1-2 (N.D. Tex. Oct. 28, 2025) (Fitzwater, J.), and need not be repeated at length for the purpose of deciding Trans Union's pending motion. After the court dismissed Newcomb's amended complaint, the court granted her leave to replead. *Newcomb v. Trans Union LLC (Newcomb II)*, 2026

[1]Trans Union is the sole remaining defendant. Codefendant Nationstar Mortgage LLC d/b/a Mr. Cooper was dismissed with prejudice by joint stipulation on July 22, 2025. The dismissal of Trans Union results in a final judgment.

WL 850695, at *3 (N.D. Tex. Mar. 27, 2026) (Fitzwater, J.). Newcomb alleges that Trans Union's actions violated § 1681e(b) and § 1681i of the FCRA. Trans Union now moves to dismiss under Rule 12(c). Newcomb opposes the motion, which the court is deciding on the briefs, without oral argument.

II

Rule 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Rule 12(c). The standard for deciding a motion under Rule 12(c) is the same as the one for deciding a motion to dismiss under Rule 12(b)(6). *See Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 n.8 (5th Cir. 2002).[2] Because the standard is the same, the court will rely on Rule 12(b)(6) decisions as well as Rule 12(c) rulings when discussing the applicable standard and procedure.

"In deciding a Rule 12(b)(6) motion to dismiss, the court evaluates the sufficiency of [plaintiff's second amended complaint] by 'accept[ing] all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Bramlett v. Med. Protective Co. of Fort Wayne, Ind.*, 855 F.Supp.2d 615, 618 (N.D. Tex. 2012) (Fitzwater, C.J.) (second alteration in original) (internal quotation marks omitted) (quoting *In re Katrina Canal Breaches Litig.*, 495 F.3d at 205). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead

[2]*See Great Plains Tr. Co.*, 313 F.3d at 313 n.8 ("A number of courts have held that the standard to be applied in a Rule 12(c) motion is identical to that used in a Rule 12(b)(6) motion." (citation omitted) (internal quotation marks omitted)).

"enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]"). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (alteration omitted) (quoting Rule 8(a)(2)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678.

III

To prevail on a claim under either § 1681e(b) or § 1681i, the plaintiff must plausibly allege "that [her] consumer reports included inaccurate information." *McDonald v. Equifax Inc.*, 2017 WL 879224, at *6 (N.D. Tex. Mar. 6, 2017) (Boyle, J.) (quoting *Norman v. Experian Info. Sols., Inc.*, 2013 WL 1774625, at *4 (N.D. Tex. Apr. 25, 2013) (Boyle, J.)). "Although the Fifth Circuit has not expressly addressed whether [credit reporting agencies ("CRAs")] need to investigate legal disputes, other federal courts 'overwhelmingly agree that the FCRA only requires CRAs to investigate factual inaccuracies; they need not resolve legal disputes over an underlying debt.'" *Warner v. Equifax Info. Servs. LLC*, 2025 WL 714243,

at *3 (N.D. Tex. Feb. 11, 2025) (McKay, J.) (quoting *Estrada v. Experian Info. Sols., Inc.*, 670 F.Supp.3d 412, 419 (W.D. Tex. 2023) (collecting cases)), *rec. adopted*, 2025 WL 714165 (N.D. Tex. Mar. 5, 2025) (Brown, J.); *see also Hupfauer v. Citibank, N.A.*, 2016 WL 4506798, at *7 (N.D. Ill. Aug. 19, 2016) (explaining that whether a debt was discharged in a particular consumer's Chapter 13 bankruptcy "is precisely the kind of legal question that [CRAs] are neither qualified nor obligated to answer").

Trans Union contends that its reporting of the Nationstar mortgage presents a legal dispute regarding the ramifications of Newcomb's bankruptcy. In *Newcomb II* the court concluded that Trans Union's reporting of the Nationstar Mortgage presented a legal dispute. *Newcomb II*, 2026 WL 850695, at *2. As the court explained, the bankruptcy discharge order itself notes that not all debts are covered by the discharge, and it encourages individuals to consult an attorney to determine the exact effect of the discharge "[b]ecause the law is complicated." 2d. Am. Compl. (ECF No. 52-3) 1-2. The court also explained that Newcomb's case closely resembled *Warner*. *Newcomb II*, 2026 WL 850695, at *2. In *Warner* the plaintiff was discharged from bankruptcy, but her mortgage was excepted from the discharge. *Warner*, 2025 WL 714243, at *1. Although the defendant did not correctly report the post-bankruptcy status of the plaintiff's mortgage, the court concluded that the "information on her credit report about the status of her mortgage vis-à-vis bankruptcy proceedings presents a dispute over the legal ramifications of her bankruptcy, not a factual inaccuracy." *Id.* at *1, *4. Because the alleged inaccuracy in Newcomb's credit report mirrored the one deemed insufficient in *Warner*, the alleged inaccuracy was insufficient to

state a claim under the FCRA. *Newcomb II*, 2026 WL 850695, at *2.

Newcomb contends that *Newcomb II*'s holding is incorrect. She maintains that her FCRA claims focus on factual inaccuracies related to how certain information about the Nationstar mortgage was reported in her credit report, not a legal dispute about her bankruptcy discharge. The court disagrees. The question whether Trans Union correctly reported this information turns on whether Trans Union correctly determined the effect of Newcomb's bankruptcy discharge on the mortgage. *See Warner*, 2025 WL 714243, at *4. For example, whether Trans Union correctly reported the Nationstar mortgage as having a "balance of $0.00," P. Resp. (ECF No. 57) 5, depends on whether the mortgage was discharged in Newcomb's bankruptcy. *Cf. Steinmetz v. Am. Honda Fin.*, 447 F.Supp.3d 994, 1005 (D. Nev. 2020) ("Several courts have held that after a debt is discharged, a CRA may report a $0 balance on an account . . . .").

Newcomb also relies on *Losch v. Nationstar Mortg. LLC*, 995 F.3d 937 (11th Cir. 2021), and *Gross v. CitiMortgage, Inc.*, 33 F.4th 1246 (9th Cir. 2022). Both cases, however, are distinguishable.

*Losch* involved a bankruptcy discharge that left "no doubt" that the consumer's mortgage was discharged. *Losch*, 995 F.3d at 946. Here, the discharge order does not state that the Nationstar mortgage was excepted from the discharge. *See Warner*, 2025 WL 714243, at *4 ("Neither [the discharge order or the trustee's report], however, clearly states that the Pacific Union Mortgage was excepted from the discharge."); *Sykes v. Experian Info. Sols., Inc.*, 2025 WL 1707713, at *4 (N.D. Ill. June 18, 2025) ("Whether or not [plaintiff's]

bankruptcy discharge covered the Community Account similarly evades objective verification, as [t]here is no bankruptcy order explicitly discharging this debt." (second alteration in original) (citation omitted) (internal quotation marks omitted)).

Moreover, *Gross* addressed the investigatory obligations of furnishers, not the obligations of CRAs like Trans Union. *See Gross*, 33 F.4th at 1253. The court explained that a "furnisher's investigatory obligations will often be more extensive and more thorough. [CRAs] are third parties that lack any direct relationship with the consumer, so they must rely on the representations of the furnishers who usually own the debt." *Id.* (cleaned up).[3]

Accordingly, the court now reaches the same conclusion that it reached in *Newcomb II*. Because Newcomb's FCRA claims do not involve an actionable inaccuracy, the court grants Trans Union's motion to dismiss.[4]

IV

"[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the

---

[3]It is notable that Nationstar—the furnisher and entity better positioned to assess the status of Newcomb's mortgage—was also incorrectly reporting its status for some period of time.

[4]In *Newcomb II* the court also held that "Trans Union's omission of the Nationstar mortgage [did] not render the post-dispute credit report inaccurate under the FCRA." *Newcomb II*, 2026 WL 850695, at *3. In her response brief, Newcomb clarifies that she is no longer "arguing that the post-dispute reporting (i.e. the omission of the Nationstar Account) is a factual inaccuracy." P. Resp. (ECF No. 57) 8 n.1. Rather, the inaccuracy that her FCRA claims are premised on is solely the reporting of the Nationstar mortgage in the pre-dispute report.

plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *In re Am. Airlines, Inc., Priv. Litig.*, 370 F.Supp.2d 552, 567-68 (N.D. Tex. 2005) (Fitzwater, J.) (quoting *Great Plains Tr. Co.*, 313 F.3d at 329). The court has already granted Newcomb two opportunities to amend her complaint. Moreover, the second amended complaint is similar to the amended complaint that Newcomb filed before, both of which were dismissed on similar grounds. Because the court has already permitted Newcomb to amend twice, and she is unable to cure the defects identified, the court denies Newcomb leave to amend a third time. *See, e.g., ABC Arbitrage Plaintiffs Grp. v. Tchuruk*, 291 F.3d 336, 362 (5th Cir. 2002) (concluding that district court did not abuse its discretion by denying leave to replead where court had already given plaintiffs an opportunity to do so).

* * *

For the reasons explained, the court grants Trans Union's motion, and it enters judgment today dismissing this action with prejudice.

**SO ORDERED**.

July 30, 2026.

SIDNEY A. FITZWATER
SENIOR JUDGE